Mr. Justice Nott
delivered the opinion of the court.
The clause of the constitution on which the motion in arrest of judgment is founded, is in the following words: u The style of all processes shall be, The State of South-Carolina.” All prosecutions shall be carried on in the name and by the authority of the State of South-Carolina, and conclude “ against the peace and dignity of the same” On this ground a majority of the court entertain a .different opinion from the view which I have taken of the subject ; I shall therefore merely observe, the opinion of the court is, that the form of the indictment substantially*. *287 comports with the provisions of the constitution, and that the motion must be refused.
On the first ground taken for a new trial, it is the opinion of the court that the motion must be granted. It seems now to be very well settled that an objection to the competency of a witness can be sustained only,
1st. Where he has a direct interest in the event of the cause.
2d. Where the judgment can be given in evidence for or against him in another cause.
3d. Where it has been settled by solemn decisions that from motives of expediency or policy, he ougKt not to be permitted to give evidence.
With regard to the first, the interests of a husband and wife are considered as so identified as to render them inseparable ; the same interest, therefore, which will exclude the husband, will exclude the wife also. But it is laying down the proposition too broad to say that the wife can in no case be a witness where the husband is incompetent. — r A conviction of perjury or felony will render a husband incompetent; but that would not affect the competency of the wife. I can perceive no such interest in this case as should exclude the testimony of the wife. The defendants are both indicted as principals. The husband was not then on trial, and the event of this would not necessarily have any influence on the decision in his case. Whatever bias therefore it might be supposed she was under, would only go to her credibility, and not to her competency. It is true the prisoner at the bar is charged with having given the mortal wound, and her husband as only aiding and assisting; he is nevertheless a principal, and might be tried and convicted, although this defendant had never been taken, or should be acquitted. (Plowden, 100, Gyttin's case. 1 H. P. C. 437. The State vs. Rochelle and Fly, Columbia, - Term, 18 —)
Where several are engaged in committing k murder, it 3s not material which gave the mortal blow j for where one is charged with having given a mortal blow, and others *288 as having been present, aiding and assisting, and it comes <>ut in evidence that he who is charged with having given she mortal wound was only present aiding and abetting, and that the stroke was given by another, the indictment is well supported ; for it is in law the stroke of all, (1 Hale, P. C. 437. Plow. 98. 9 Co. Rep. 67, McNally's case.) It seems to follow from this view of the subject, that judgment in one case could not be given in evidence in the ether. Tor both being principals, and each individually responsible for the part which he took,in' the transaction, the conviction or acquittal of one could be no evidence of •the guilt or innocence of the other.' The principle of poli-cv which prohibits the wife to be a witness for or against her husband, can have no application to this case; for the husband bad no interest in the event of the cause then before the court. The motion being granted on this ground, supersedes the, necessity of expressing any opinion on the. evidence.
Justices Johnson and Richardson, concurred.